# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

# DISTRICT OF COLUMBIA.

---

## BAUER & CIE *v.* O'DONNELL.

---

PATENTS; RESTRICTIONS ON SALES BY PURCHASERS; SALE OR LICENSE; NOTICE OF PRICE RESTRICTION.

1. The exclusive right to "make, use, and vend the invention or discovery," granted by U. S. Rev. Stat. sec. 4884, U. S. Comp. Stat. 1901, p. 3381, to the patentee, his heirs and assigns, does not include the right to limit by notice the price at which the patented article may be resold at retail by a purchaser from jobbers who have paid to the patentee's agent the full price asked.

2. Attaching a notice to a patented article which states that the article is licensed for sale and use at a specified price, that a purchase is an acceptance of the conditions, and that all rights revert to the patentee, in the event of a violation of the restriction, cannot convert an otherwise apparently unqualified sale into a mere license to use the invention.

No. 2444. Submitted December 2, 1912. Decided October 13, 1913.

APPEAL by the plaintiffs from a decree of the Supreme Court of the District of Columbia, holding an equity court, sustain-

ing a demurrer to and dismissing a bill for an injunction restraining the defendant from selling a patented product in alleged infringement of the rights of the assignees of the patentee.

*Affirmed.*

The appeal was argued in this court December 2, 1912, and, after argument, the court certified the question involved to the Supreme Court of the United States; the facts recited in the certificate being as follows:

"Bauer & Cie, of Berlin, Germany, copartners, being the assignees of letters patent of the United States, dated April 5, 1898, No. 601,995, covering a certain water soluble albumenoid known as 'Sanatogen,' and the process of manufacturing the same, about July, 1907, entered into an agreement with F. W. Hehmeyer, doing business in the city of New York, under the tradename of the Bauer Chemical Company, whereby Hehmeyer became, and has since been, the sole agent and licensee for the sale of said product in the United States, the agreement contemplating that Hehmeyer should have power to fix the price of sale to wholesalers or distributors and to retailers and to the public. The agreement further contemplated that said product should be furnished Hehmeyer at manufacturing cost, the net profits obtained by him to be shared equally by the parties to the agreement. Since April, 1910, this product has been uniformly sold and supplied to the trade and to the public by the appellants and their licensees, in sealed packages bearing the name 'Sanatogen,' the words 'Patented in U. S. A., No. 601,995,' and the following:

"Notice to the Retailer.

"This size package of Sanatogen is licensed by us for sale and use at a price not less than one dollar ($1). Any sale in violation of this condition, or use when so sold, will constitute an infringement of our patent No. 601,995, under which Sanatogen is manufactured, and all persons so selling or using packages or contents will be liable to injunction and damages.

"A purchase is an acceptance of this condition.    All rights revert to the undersigned in the event of violation.

"The Bauer Chemical Company."

The appellee is the proprietor of a retail drug store at 904 F Street, N. W., in this city.    He purchased of the Bauer Chemical Company for his retail trade original packages of said Sanatogen bearing the aforesaid notice.    These packages he sold at retail at less than $1, and, persisting in such sales, appellants, in March, 1911, severed relations with him.    Thereupon appellee, without the license or consent of the appellants, purchased from jobbers within the District of Columbia, said jobbers having purchased from appellants, original packages of said product, bearing the aforesaid notice, sold said packages at retail at less than the price fixed in said notice, and avers that he will continue such sales.

The question propounded is:    "Did the acts of the appellee in retailing at less than the price fixed in said notice, original packages of 'Sanatogen,' purchased of jobbers, as aforesaid, constitute infringement of appellants' patent? "

*Mr. Edwin J. Prindle* for the appellants.

*Mr. D. W. Baker* and *Mr. F. J. Hogan* for the appellee.

The case was argued April 10, 1913, in the Supreme Court of the United States, and on May 26, 1913, that court handed down its opinion, answering the question propounded in the certificate in the negative.    The substance of the opinion is given in the above headnotes. · See *Bauer & Cie* v. *O'Donnell,* 229 U. S. 1, 57 L. ed. 1041, — L.R.A.(N.S.) —, 33 Sup. Ct. Rep. 616.

After the receipt of the mandate of that Court, Mr. Chief Justice SHEPARD delivered the opinion of this Court:

This cause came on to be heard on the transcript of record

from the supreme court of the District of Columbia, and was argued by counsel on December 2, 1912, and after argument of the same, the question involved in this appeal was by this court certified to the Supreme Court of the United States under sec. 251 of the Judicial Code [36 Stat. at L. 1159, chap. 231, U. S. Comp. Stat. Supp. 1911, p. 232], and it appearing that the mandate of the Supreme Court of the United States was filed in this court on August 15, 1913, and that said question was answered in the negative, on consideration thereof, and of the opinion of the Supreme Court of the United States, it is now hereby ordered, adjudged, and decreed by this court that the decree of the said Supreme Court of the District of Columbia in this cause be, and the same is hereby, affirmed with costs.                                      *Affirmed.*